IN RE ESTATE OF REDMAN : HILAND, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

(No. 3555—Decided January 9, 1939.)

*Mr. Wm. Oats,* for appellant.

*Mr. Thomas J. O'Connor,* prosecuting attorney, and *Mrs. Geraldine F. Macelwane,* for appellee.

OVERMYER, J. This matter originated in the Probate Court of this county, where Harry Hiland, appellant, filed proceedings to have himself found and declared to have been the common-law husband of one designated in such court as Anna Redman, deceased,

and, as such husband, to have himself found and declared to be her only heir at law and distributee, she having died intestate.

His claim having been denied in the Probate Court and, on appeal, in the Common Pleas Court, he prosecutes an appeal to this court, claiming that the finding and judgment below are against the weight of the evidence and contrary to law. The matter is here submitted on a bill of exceptions, setting forth the evidence taken in the Common Pleas Court, oral argument and briefs.

In the Probate Court, the prosecuting attorney of this county filed a motion stating that there are no known heirs of Anna Redman, deceased, and asking for an order requiring The Ohio Citizens Trust Company, trustee of her estate, to show cause why the estate should not escheat to the state of Ohio, and for an order escheating the estate.

We have read the record in this case and are of the opinion that the finding and judgment of the court below are clearly against the weight of the evidence; in fact, there is no evidence to sustain the finding and judgment, but ample evidence to have sustained a finding and judgment for the appellant. The evidence shows, not only by the testimony of appellant but by other witnesses, the elements necessary to constitute a valid common-law marriage in Ohio, as clearly as such contracts usually can be shown. 26 Ohio Jurisprudence, 23, Section 10 *et seq.*, and cases cited.

The undisputed evidence in the record, showing these essential elements, is that in June 1926, the parties, who were illiterate negroes, agreed to live together as common-law husband and wife, without securing a license and engaging in a ceremonial marriage; that both parties were then legally capable of making such a contract; that they at once began to live and cohabit together as husband and wife and continued to live,

and were publicly recognized, as husband and wife for five years until the wife died in 1931; that the appellant was working and paid the rent and other expenses of the home; that roomers and neighbors in the various places where the parties lived regarded them as husband and wife and so treated them; that there is no evidence that, in the five years this common-law relationship of husband and wife existed, it was ever interrupted or that either party breached the contract in any way; and that in the wife's last illness, the only illness shown to have been suffered by her, the husband was by her side to the end. All of this appears of record and is not disputed, and, since common-law marriages have been and still are recognized in Ohio, we know of no other way by which the validity of such marriage could have been proven.

The judgment of the lower court must be and is reversed and final judgment entered for appellant, granting to him the relief prayed for.

*Judgment reversed.*

LLOYD and CARPENTER, JJ., concur.